# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| STEPHANIE BROWN, on behalf of herself and others similarly situated, | : <br> : CIVIL ACTION FILE NO. <br> : |
| Plaintiff, | : <br> : |
| v. | : **COMPLAINT – CLASS ACTION** <br> : |
| EGV COMPANIES, INC. | : <br> : **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : <br> : / |

Plaintiff Stephanie Brown, individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell

phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.  This case involves a campaign by EGV Companies, Inc. ("EGV Companies") to market its services through the use of pre-recorded telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ( "TCPA").

3.  The recipients of EGV Companies' illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by EGV Companies makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4.  Plaintiff Stephanie Brown is, and at all times mentioned herein was, an individual citizen of the state of Florida in this District.

5.  Defendant EGV Companies, Inc. is a Delaware corporation that is registered to do business in Florida.

## JURISDICTION AND VENUE

6.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has specific personal jurisdiction over EGV Companies because the company sends prerecorded telemarketing calls into this District and is registered to do business in Florida.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telephone calls at issue were made into this District.

## TCPA BACKGROUND

The TCPA Prohibits Automated Telemarketing Calls

9. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## FACTUAL ALLEGATIONS

13. Defendant EGV Companies is a "person" as the term is defined by 47 U.S.C. § 153(39).

14. Plaintiff's telephone number, 727-470-XXXX, is assigned to a cellular telephone service.

15. Plaintiff received pre-recorded calls from EGV Companies on May 19, 2022.

16. The pre-recorded message advertised that the call recipient's car warranty was expiring soon.

17. EGV Companies offers consumer warranties for their vehicle.

18. The pre-recorded message asked the call recipient to "press one" to extend the warranty.

19. The Plaintiff "pressed one" to identify who was contacting her illegally.

20. When the Plaintiff spoke to a live individual, she spoke with Jose Torres, an employee of EGV Companies.

21. Mr. Torres promoted EGV's services.

22. Indeed, as part of the solicitation, Mr. Torres sent Ms. Brown an e-mail with a contract of EGV's offering.

23. A copy of that contract is attached as <u>Exhibit 1</u>.

24. EGV Companies has previously been sued for TCPA violative conduct, including calls that involve the transmission of pre-recorded messages.

25. The calls were not necessitated by an emergency.

26. Plaintiff and all members of the Class have been harmed by the acts of EGV Companies because their privacy has been violated and they were annoyed and harassed. Plaintiff and Class members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

28. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States: (1) to whose cellular telephone number (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint through trial (4) using a pre-recorded message

29. Plaintiff is a member of and will fairly and adequately represent and protect the interests of this class as she has no interests that conflict with any of the class members.

30. Excluded from the Class are counsel, Defendant, and any entities in which the Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

31. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

32. This Class Action Complaint seeks injunctive relief and money damages.

33. The Class as defined above is identifiable through Defendant's dialer records, other phone records, and phone number databases.

34. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds based on the fact that recorded messages were used to send the calls and other individuals have lodged complaints about the receipt of the calls.

35. The joinder of all Class members is impracticable due to the size of the Class and relatively modest value of each individual claim.

36. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

37. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) Whether the Defendant used pre-recorded message to send telemarketing calls;

    (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

  38. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

  39. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

  40. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

  41. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(b) on behalf of the Robocall Class

42. Plaintiff incorporates the allegations from paragraphs 1-41 as if fully set forth herein.

43. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

44. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. If Defendant's conduct is found to be knowing or willful, Plaintiff and members of the Class are entitled to an award of up to treble damages.

46. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47

U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.  Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message in the future;

B.  That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing or willful violation; and

C.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.  Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: June 17, 2022 　　　　　PLAINTIFF, on behalf of herself
　　　　　　　　　　　　　　　and others similarly situated,


　　　　　　　　　　　　　　　*/s/ Avi R. Kaufman*
　　　　　　　　　　　　　　　Avi R. Kaufman (FL Bar no. 84382)
　　　　　　　　　　　　　　　kaufman@kaufmanpa.com
　　　　　　　　　　　　　　　Rachel E. Kaufman (FL Bar no. 87406)
　　　　　　　　　　　　　　　rachel@kaufmanpa.com
　　　　　　　　　　　　　　　KAUFMAN P.A.
　　　　　　　　　　　　　　　237 S. Dixie Hwy, 4th Floor
　　　　　　　　　　　　　　　Coral Gables, FL 33133
　　　　　　　　　　　　　　　Telephone: (305) 469-5881